106 F.3d 404
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Foyce S. WHITNEY, Plaintiff-Appellant,
v.
RICCORDINO REALTY, INCORPORATED, Defendant-Appellee.
 No. 96-1482.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided Jan. 17, 1997.
 
 1
 Before CUMMINGS, COFFEY and ROVNER, Circuit Court Judges.
 
 ORDER
 
 2
 In his most recent complaint against Riccordino Realty, Inc. ("Riccordino"), the pro se plaintiff-appellant, Foyce S. Whitney, asserts that he "was violated and victimized by [the defendant] in August of 1990 when they broke into my apartment and threw out all of my personal belonging[s] and lock[ed] me out of my apartment." This is not the first time Whitney has tried to bring his landlord-tenant dispute with Riccordino into federal court. Whitney filed a similar complaint in district court as early as 1993, and filed another the following year. Both actions were dismissed for lack of subject matter jurisdiction, and in each instance this court affirmed the dismissal by unpublished order, pursuant to Circuit Rule 53. Nos. 93-2838 (Oct. 19, 1994) and 94-4018 (Aug. 25, 1995).
 
 
 3
 Undeterred by the previous rulings of the district court and this court, Whitney filed a third complaint against Riccordino in 1995. The district court reviewed Whitney's most recent complaint and, following a status hearing, issued a minute order dismissing the case "for want of jurisdiction." Whitney's complaint failed to establish that a federal court had jurisdiction over his case. Whitney invoked neither a federal statute nor the United States Constitution in support of his claim, see 28 U.S.C. § 1331, nor did he assert that the parties were diverse (as far as the record reveals, they are not). See 28 U.S.C. § 1332. Because federal courts are courts of limited jurisdiction, Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986), district judges "are obliged to police the constitutional and statutory limitations on their jurisdiction." Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir.1986). That is precisely what Judge Leinenweber did when he dismissed Whitney's most recent complaint for lack of jurisdiction. We affirm because it is evident that Whitney's complaint failed to provide any basis whatsoever for the exercise of federal jurisdiction.
 
 
 4
 Ignoring the jurisdictional issue, the plaintiff on appeal asserts that the district court erred by dismissing the action sua sponte, without the benefit of an answer from the defendant. If Whitney believes that he can prevail by arguing that the timing of the dismissal was premature (instead of addressing the merits of the jurisdictional issue), he is sadly mistaken. The Federal Rules of Civil Procedure state very clearly: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3) (emphasis added). Indeed, a district court "has a duty to resolve apparent jurisdictional questions even where the parties do not raise them." Yasuda Fire & Marine Ins. v. Continental Gas Co., 37 F.3d 345 (7th Cir.1994) (emphasis added); see also Intern. College of Surgeons v. City of Chicago, 91 F.3d 981, 986 (7th Cir.1996); Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir.1986) ("[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Thus, there was nothing improper about the sua sponte dismissal of this action by the district judge. Indeed, we commend the district judge for disposing of this case promptly, thus conserving scarce judicial resources. Frankly, we wish that the plaintiff had a similar regard for the scarcity of judicial time and resources. In order that Mr. Whitney might spare the federal courts further unnecessary deliberation and conserve his own time, effort, and financial resources, we urge him to cease and desist from the practice of filing complaints which fail to establish the jurisdiction of the court.
 
 
 5
 The district court's sua sponte dismissal of this case for lack of subject matter jurisdiction is
 
 
 6
 AFFIRMED.
 
 
 
 *
 This successive appeal was assigned to the panel that heard Whitney's appeal in No. 94-4018. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)